UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELANIE WILLIAMS,

        Plaintiff,

v.                               Case No. 3:06-cv-686-J-33MCR

MATTHEW SIRMONS, JAMES MILLS, and
SHERIFF JOHN RUTHERFORD of the
Jacksonville Sheriff's Office,

        Defendant.
_____/

**<u>ORDER</u>**

    This cause comes before the Court pursuant to Plaintiff's Motion to Strike Defendant Sheriff John Rutherford of the Jacksonville Sheriff's Office's Untimely Motion for Summary Judgment (Doc. # 20), filed on February 29, 2008; and pursuant to Defendant Sheriff Rutherford's Motion to Extend Deadline for Dispositive Motions and Response in Opposition to Plaintiff's Motion to Strike Defendant Rutherford's Motion for Summary Judgment (Doc. # 22), filed on March 3, 2008. For the reasons that follow, Williams' motion to strike is DENIED and the sheriff's motion to extend the dispositive motion deadline is GRANTED.

    In her motion to strike, Williams points out that the sheriff's motion for summary judgment (Doc. # 18) was filed on February 28, 2008. The deadline for the filing of such motions, however, was February 25, 2008. Thus, Williams argues, the sheriff's motion is untimely and should be stricken. In response,

1

the sheriff apologizes for the tardy filing and requests the Court to extend the deadline such that his motion for summary judgment would be timely. (Doc. # 22, at 5.) The sheriff explains that the motion was filed past the deadline because his counsel made an inadvertent calendaring error. (Doc. # 22, at 1-2.)

Under Rule 6(b), Federal Rules of Civil Procedure, the Court may extend a deadline for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In this case, the sheriff filed his motion to extend the deadline one week after the deadline had passed. (Doc. # 31.) As a result, the Court can grant the requested extension only if the sheriff's failure to timely file his motion for summary judgment was the result of excusable neglect.

"[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant [requesting an extension]." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) (internal quotation marks and footnotes omitted). The decision whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's ommission." Id. at 395 (determining meaning of term "excusable neglect" in context of bankruptcy rule). The Court should consider "the danger of

2

prejudice to the [party opposing the extension], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant [requesting the extension], and whether the movant acted in good faith." Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (alteration in original) (quoting Pioneer Inv. Servs. Co.) (applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). "Primary importance should be accorded to the absence of prejudice to the [party opposing the extension] and to the interest of efficient judicial administration." Id.

The extension requested by the sheriff poses little danger of prejudice to Williams. The sheriff's motion raises many of the same legal issues raised in a timely-filed motion for summary judgment submitted by the sheriff's co-defendants. Thus, Williams was made aware of these arguments when the sheriff's co-defendants filed their motion for summary judgment. No other prejudice is apparent, and Williams does not identify any in her motion to strike. The delay in this case was short, only three days, and it will not have any significant adverse affect on these proceedings. Moreover, the delay was produced by an inadvertent calendaring error, and there is no suggestion of bad faith.

In conducting the essentially equitable evaluation of all the relevant circumstances, the Court concludes that the sheriff's

failure to timely file his motion for summary judgment was the result of excusable neglect. Thus, the Court extends the dispositive motion deadline from February 25, 2008, to February 28, 2008, and considers the sheriff's motion for summary judgment timely.

One final matter calls for mention. In her motion to strike, Williams expresses concern that allowing the sheriff's late filing would send a message that the city of Jacksonville and its organs (in this case, the sheriff) are treated more leniently in Jacksonville's federal court than are other litigants. The Court means emphatically to dispel any such notion and to counter any such message. In the circumstances of this case, the Court would grant this extension to any litigant. The deadline extension was warranted in this case for the reasons stated above, not because of the identity of the parties.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff's Motion to Strike Defendant Sheriff John Rutherford of the Jacksonville Sheriff's Office's Untimely Motion for Summary Judgment (Doc. # 20) is hereby **DENIED.**

2. Defendant Sheriff Rutherford's Motion to Extend Deadline for Dispositive Motions and Response in Opposition to Plaintiff's Motion to Strike Defendant Rutherford's Motion for Summary Judgment (Doc. # 22) is hereby **GRANTED.**

3.   The deadline for filing dispositive motions in this case is hereby extended to February 28, 2008.

4.   Defendant Sheriff John Rutherford's Motion for Summary Judgment (Doc. # 18) is hereby deemed timely.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 14th day of March 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

Case 3:06-cv-00686-MMH-MCR   Document 26   Filed 03/14/08   Page 6 of 6 PageID 555